Ms. Bessie Fowler Arkansas City Employees Association 2101 Main Street Little Rock, AR 72206
Dear Ms. Fowler:
I am writing in response to your request for my opinion concerning the Arkansas Freedom of Information Act ("FOIA") (A.C.A. § 25-19-101 et seq.). Your request is submitted pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 1993), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
You state that you submitted a FOIA request to the City of North Little Rock for certain information, including the home phone numbers of city employees. You further report that while you were provided with most of the information requested, the City refused to give you the home phone numbers of City employees stating that "the City considers `home telephone numbers' of its employees to be encompassed within the term `home addresses' under Ark. Code Ann. § 25-19-105," and further stating that many [city] "employees, including law enforcement officers, have a higher expectation of privacy with regard to their personal information."See letter from Andrea G. Woods, Assistant City Attorney, dated July 6, 2005. In expressing your disagreement with this decision, you note that you specifically requested information on non-uniformed employees and ask that the State make a determination that home phone numbers are not home addresses.
RESPONSE
It is my opinion that the custodian's decision is inconsistent with the FOIA. While the home telephone numbers of some City employees may, as discussed below, be exempt from disclosure, this determination must in my opinion be made after taking into consideration the circumstances relevant to the individual employee. Based upon your statements regarding the City's refusal of your FOIA request, it appears that this process was not followed in this instance. See Op. Att'y Gen. 2005-146.
In analyzing this issue, it must first be noted that the FOIA's broad definition of "public records" clearly would encompass records maintained by the City reflecting its employees' home phone numbers.[1] Once a record is determined to be a "public record," a determination must then be made as to whether it is exempt from the FOIA's disclosure requirements on any ground. With regard to the City's employees' home phone numbers, this inquiry will require a consideration of the "personnel records" exemption, found at A.C.A. § 25-19-105(b)(12) (Supp. 2003). This Code section provides that "personnel records" are exempt from public disclosure "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." The FOIA does not define the term "personnel records," but this office has consistently taken the position that the term encompasses all records that pertain to the individual employee other than "employee evaluation" or "job performance records." See, e.g., Op. Att'y Gen. No. 2004-211 (and opinions cited therein). Therefore, records reflecting any individual employee's home phone number would pertain to that employee and would likely be classified as a "personnel record." The disclosability of such records must, accordingly, be evaluated under the "clearly unwarranted" standard.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court has construed the phrase, however, and has adopted a balancing test to determine whether an individual has a protectable privacy interest in a particular personnel record. The balancing test essentially involves weighing the interests of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the records. Id. at 598. This will ordinarily be the case if the public interest is substantial (id.), or even if the public interest is modest unless the privacy interest is substantially heightened. See Op. Att'y Gen. Nos. 2002-087 and 90-335. Disclosure will also generally be required under this balancing test if the public interest and the privacy interest are both minimal because the balance is tipped in favor of disclosure under the "clearly unwarranted" test. Id. If there is little public interest in the information, however, the privacy interest will prevail if it is not insubstantial.Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998). The Supreme Court has also made clear that the privacy balancing test must be undertaken with reference to the particular facts in light of the unique circumstances attending the specific records in question. Id. See also
Op. Att'y Gen. 2005-133.
Applying these precepts, my predecessors and I have each opined that public employee's listed home phone numbers are generally subject to disclosure, but that unlisted numbers, in which there clearly is a heightened privacy interest, should be withheld.[2] See, e.g., Op. Att'y Gen. Nos. Opinion No. 2005-004; 2004-212; 2003-027; 2003-097; 2000-306; 99-016. The conclusion that there is no general exemption for listed home telephone numbers is based upon the presumption that in most factual scenarios there is little privacy interest in information that has already been made public, and that therefore, the privacy interest would presumptively be outweighed in a balancing test. See Op. Att'y Gen. 2003-325 and 2001-091. This office has recognized, however, that factual circumstances could occur under which there might be a heightened privacy interest in listed telephone numbers. This is reflected in the following excerpt:
 [T]here is authority from the Arkansas Supreme Court that could be construed to permit the redaction of home telephone numbers. . . . See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998). It should be noted that Stilley did not involve a FOIA request for home telephone numbers. Rather, it involved a request for the home addresses of certain police officers. The Stilley court opined that the home addresses of the police officers could be withheld from disclosure because that information could be used to harass the officers and their families. A challenge to the withholding of these numbers may likewise necessitate a showing that this information could be used to harass the individual in question. Assuming that the custodian of the records determined factually that the numbers could be used in this way, the decision to redact them was consistent with the FOIA, as interpreted by the court.
Op. Att'y Gen. 2002-182.
See also Op. Att'y Gen. 2003-027 (opining that the listed telephone number of a school employee who was the subject of an investigation by the district superintendent could be redacted if the facts were such that the employee had a "heightened privacy interest in the information [e.g., if it is likely to be used to harass her and its disclosure does not further the purposes of the FOIA].") (Citations omitted).
Accordingly, depending upon the particular circumstances, the existence of so-called "specialized facts" could indicate a heightened privacy interest in listed telephone numbers so as to prevent their release under the "clearly unwarranted" standard. See, e.g., Op. Att'y Gen. Nos.2002-255; 2002-237; 2002-182; 2000-306; 99-016; 98-097. The balance would tip in favor of nondisclosure in that instance, given the moderate, but less than significant public interest in disclosure of this information.See Op. Att'y Gen. 95-220 (cited in Op. Att'y Gen. 2002-087). Of particular significance for purposes of the question at hand, however, is the fact that this determination must be made in the first instance by the custodian of the records after taking into consideration the particular circumstances of the individual employment at issue. The necessity of this process is reflected in the foregoing opinions. See,e.g., Op. Att'y Gen. Nos. 2002-255, 2000-306, and 99-016 (regarding heightened privacy interests of law enforcement personnel); 2002-237 (privacy interests of employees named in an investigation of an employee's termination); 2002-182 (privacy interests of an applicant for a particular city position); 98-097 (regarding concerns inherent in the release of the telephone numbers of a particular group of retirees).
Turning to the issue at hand, it appears that this process of identifying specialized facts was not undertaken. Rather, it seems that the City made a categorical determination that its employees' home telephone numbers are encompassed within the term "home addresses," and are thus exempt from release under A.C.A. § 25-19-105(b)(13). It is my opinion that this is inconsistent with the FOIA. A categorical decision not to release any City employee's number, regardless of whether it is listed or unlisted, would in my opinion have to be premised upon the likelihood of harm or harassment as a consequence of releasing the number. In my opinion such a decision is inconsistent with the FOIA, particularly considering the express exemption for "home addresses of nonelected . . . municipal employees. . . ." A.C.A. § 25-19-105(b)(13) (Supp. 2003). In the absence of a similar blanket exemption for home telephone numbers, I continue to hold the view that unless specialized facts indicate a heightened privacy interest in listed telephone numbers, those numbers, if requested under the FOIA, are not exempt from disclosure; but unlisted telephone numbers, in which there clearly is a heightened privacy interest, should be withheld.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] "Public records" under the FOIA means "writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium required by law to be kept or otherwise kept and that constitute a record of the performance or lack of performance of official functions that are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds." A.C.A. §25-19-103(5)(A) (Supp. 2003).
[2] It should be noted that by "listed," I mean phone numbers that are listed in directory information.